AO 245B  (Rev 12/03)  Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| | |
| V. | CASE NUMBER:   8:13-cr-591-T-26AEP |
| | USM NUMBER:   59851-018 |
| | |
| NABA RAHEEM LEWIS | |
| | Defendant's Attorney:  Stephen Baer  (AFPD) |
| THE DEFENDANT: | |

 X  pleaded guilty to count(s) One of the Information.
 __ pleaded nolo contendere to count(s) which was accepted by the court.
 _ was found guilty on count(s)  after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 2422(b) | Coercion or enticement of a minor to engage in sexual activity | June 2013 | One |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s)
__ Count(s)  (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence:  May 15, 2014

RICHARD A. LAZZARA
**UNITED STATES DISTRICT JUDGE**
DATE:  May 15, 2014

AO 245B (Rev 12/03) Sheet 2 - Imprisonment

| | | |
|---|---|---|
| Defendant: | NABA RAHEEM LEWIS | Judgment - Page 2 of 6 |
| Case No.: | 8:13-cr-591-T-26AEP | |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ONE HUNDRED EIGHTY (180) MONTHS** as to count One of the Information.

Defendant shall be given credit toward the service of a term of imprisonment for any time he/she has spent in official detention prior to the date the sentence commences -- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the Defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence. 18 U.S.C. § 3585(b). Defendant has been in custody since June 12, 2013.

 X  The court makes the following recommendations to the Bureau of Prisons:  FCI facility located at Atlanta, Georgia, or as a second choice Miami, Florida or as a third choice Memphis, Tennessee.

 X  The defendant is remanded to the custody of the United States Marshal.
 __ The defendant shall surrender to the United States Marshal for this district.

        __ at __ a.m./p.m. on __.
        __ as notified by the United States Marshal.

__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

        __ before 2 p.m. on __.
        __ as notified by the United States Marshal.
        __ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at_____, with a certified copy of this judgment.

        _____
        United States Marshal

        By:_____
        Deputy Marshal

AO 245B (Rev. 12/03) Sheet 3 - Supervised Release

| | |
|---|---|
| Defendant:   NABA RAHEEM LEWIS | Judgment - Page _3_ of _6_ |
| Case No.:   8:13-cr-591-T-26AEP | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIFTEEN (15) YEARS.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X    The mandatory drug testing provisions of the Violent Crime Control Act are imposed. The court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

X    The defendant shall cooperate in the collection of DNA as directed by the probation officer.

X    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer.

_    The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 12/03) Sheet 3C - Supervised Release

| | |
|---|---|
| Defendant:    NABA RAHEEM LEWIS | Judgment - Page  4  of  6 |
| Case No.:    8:13-cr-591-T-26AEP | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

__X__  Defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the Probation Officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon the completion of this program, the defendant is directed to submit to random drug testing.

__X__  Defendant shall participate as directed in a program of mental health program that specializing in sexual offender treatment and submit to a polygraph testing for treatment and monitoring purposes. Further the defendant shall follow the Probation Officer instructions regarding the  implementation of this court directives. Further, the deft. shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Treatment Services.

__X__  The defendant shall provide the probation officer access to any requested financial information.

__X__  The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

__X__  The defendant shall have no direct contact with minors (under the age of 18) without the written approval of the probation officer and shall refrain from entering into any area where children frequently congregate including; school, daycare centers, them parks, playgrounds, etc.

__X__  The defendant shall register with the state sexual offender registration agency(s) in any state where he resides, visits, is employed, carries on a vocation, or is a student, as directed by the probation officer.

__X__  The defendant is prohibited from possessing, subscribing to, or viewing any video, magazines, or literature depicting children in the nude and/or in sexually explicit positions.

__X__  The defendant shall not possess or use a computer with access to any online service at any location (including employment) without written approval from the probation officer. This includes access through any Internet service provider, bulletin board system, or any public or private computer network systems. The defendant shall permit routine inspection of his computer system, hard drives, and other media storage materials, to confirm adherence to this condition. This inspection shall be no more intrusive than is necessary to ensure compliance with this condition. The defendant shall inform his employer, or other third party who may be impacted by this condition of this computer-related restriction and the computer inspection provision of the condition.

__X__  The defendant shall submit to a search of his person, residence, place of business, storage units under his control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. The defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

__X__  The probation officer shall provide state officials with all information required under Florida sexual predator and sexual offender notification and registration statutes (F.S. 943.0435) and/or the Sex Offender Registration and Notification Act (Title I of the Adam Walsh Child Protection and Safety Act of 2006, Public Law 109-248), and may direct the defendant to report to these agencies personally for required additional processing, such as photographing, fingerprinting, and DNA collection.

AO 245B (Rev 12/03) Sheet 5  - Criminal Monetary Penalties

Defendant:    NABA RAHEEM LEWIS                      Judgment - Page _5_ of _6_
Case No.:     8:13-cr-591-T-26AEP

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | **$100.00** | **waived** | **n/a** |

__   The determination of restitution is deferred until ___.  An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

__   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

_   If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ | $ | |

_   Restitution amount ordered pursuant to plea agreement   $ _____.

__   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

_   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    _   the interest requirement is waived for the ___ fine ___ restitution.

    _   the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev 12/03) Sheet 6 - Schedule of Payments

| | |
|---|---|
| Defendant:    NABA RAHEEM LEWIS | Judgment - Page _6_ of _6_ |
| Case No.:    8:13-cr-591-T-26AEP | |

### SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.    _X_    Lump sum payment of $ _100.00_ due immediately,

         balance due __ not later than _____, or

         __ in accordance __ C, __ D, __ E or __ F below; or

B.    __    Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.    __    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.    __    Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.    __    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.    __    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_    Joint and Several

      Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

_    The defendant shall pay the cost of prosecution.

_    The defendant shall pay the following court cost(s):

X    The defendant shall forfeit the defendant's interest in the following property to the United States: [SEE ATTACHED DKT #23, AMENDED ORDER OF FORFEITURE]

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                     CASE NO.  8:13-cr-591-T-26AEP

NABA RAHEEM LEWIS

### AMENDED PRELIMINARY ORDER OF FORFEITURE

Before the Court is the United States' Motion for an Amended Preliminary Order of Forfeiture for the following property, pursuant to the provisions of 18 U.S.C. § 2428, 28 U.S.C. § 2461(c), Rule 32.2 and Rule 36, Federal Rules of Criminal Procedure:

    a.    Gateway laptop computer, serial number LXWGH02036003B3AFF2200;

    b.    Metro PCS CoolPad cellular phone, IMEI: 99000215112790; and

    c.    Metro PCS CoolPad cellular phone, IMEI: 99000215247375.

Being fully advised in the premises, the Court finds that the United States has established the requisite nexus between property and the offense of conviction, in violation of 18 U.S.C. § 2422(b), as charged in Count One of the Information.  Accordingly, it is hereby

**ORDERED** that the motion of the United States is GRANTED.

Pursuant to 18 U.S.C. § 2428, 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), all of defendant Naba Raheem Lewis's right, title, and interest in the assets described above are FORFEITED to the United States of America for disposition

according to law, subject to the provisions of 21 U.S.C. § 853, as incorporated by 28 U.S.C. § 2461(c).

In accordance with Rule 32.2(b)(4), Federal Rules of Criminal Procedure, and the defendant's Plea Agreement (Doc. 12, at 9), this order of forfeiture will be final as to the defendant at the time it is entered.

The Court retains jurisdiction to enter any order necessary for the forfeiture and disposition of these assets, and to adjudicate any third party claim that may be asserted in these proceedings.

**DONE** and **ORDERED** in Tampa, Florida, on April __11th___, 2014.

_s/Richard A. Lazzara_____
RICHARD A. LAZZARA
UNITED STATES DISTRICT JUDGE

Copies to:

All Parties/Counsel of Record

2